Dear District Attorney Tilley:
This office is in receipt of your request for an opinion of the Attorney General in regard to the legality of certain of the provisions of your General Office Policy. Specifically, you question the following provisions:
 5. COMPENSATORY TIME OR PAY
 Effective January 1, 1997, the District Attorney and all full-time employees can elect to receive either compensatory time or compensatory pay for each hour worked in excess of seven hours per day computed by calendar month. Compensatory pay will be paid at 150% of the hourly rate of pay of that person's gross annual salary divided by 1820 (52 x 35) hours. One and one-half (1 — 1/2) hours compensatory time will be awarded for each hour worked in excess of thirty-five (35) hours per week or fraction thereof. Compensatory time can be accumulated and taken as vacation time or, if elected, compensatory pay can be paid annually or upon resignation, termination of employment, or retirement. Effective February 1, 2000 compensatory time or compensatory pay will be computed and paid for each hour worked in excess of eight (8) hours per day computed by calendar month.
 33. REIMBURSEMENT FOR LEGAL FEES AND COURT COSTS
 A. If the District Attorney or an assistant district attorney is sued either in his individual capacity or official capacity, or if he is named as a party in a lawsuit during or after his tenure in office due to events occurring during his employment or term of office and an attorney is retained to represent his interests, the Office of District Attorney, Thirtieth Judicial District, will reimburse to him for all legal fees, court costs, and related expenses incurred by the District Attorney or assistant district attorney.
 The Office of District Attorney should make every reasonable effort to obtain reimbursement of the fees and costs from the Vernon Parish Criminal Court Fund in appropriate cases.
 B. Any full time employee, assistant district attorney and/or the District Attorney shall be entitled to collect all legal fees, court costs, and related expenses incurred by him to enforce these provisions which are made retroactive and effective on January 1, 1997. These provisions are applicable whether legal proceedings arise during or after cessation of employment.
 C. These provisions concerning legal representation will not be applicable if full legal representation is made available through insurance policies carried by the Office of District Attorney.
With respect to Sec. 5 (Compensatory Time or Pay) of your general office policy, this office has recognized that under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq, that overtime is generally required unless the employee is excepted by law, and there are several exemptions. It was noted in Atty. Gen. Op. No. 94-144 that one exemption is for a "professional" who is employed at an annual salary, as opposed to an hourly wage earner. In the latter opinion, this office further observed as follows:
 However, even if exempted by the FLSA, this office believes that the case of Knecht v. Board of Trustees, 591 So.2d 690 (1991) is applicable and dispositive of the instant matter. In Knecht, certain unclassified state employees sued the Board of Trustees for State Colleges and Universities for payment of compensatory time. The plaintiffs in the case accrued compensatory time under the Board's policy which was an implementation of an Executive Order. The Board some years later suspended its policy. Plaintiffs, thereafter, neither accrued compensatory nor took compensatory leave but the accrued leave remained noted on their check stubs. Plaintiffs later sued for payment of compensatory leave.
 The court in Knecht held that, under the above facts among others, once an employee worked overtime pursuant to the compensatory leave policy, a bilateral contract was complete, and the Board was obligated to grant paid leave subject only to the approval of the employer as to the particular time at which the leave was to be taken. Knecht, supra 694.
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 Under Knecht, unclassified employees herein had a right to accrue and use compensatory leave under the regulations attached hereto. The employees by the performance of work under the terms contained therein obtained a vested right to its accrual and use.
Similarly, in Atty. Gen. Op. No. 98-144 this office was in receipt of a request concerning the Fair Labor Standards Act and overtime compensation for a court employee. The court employed an Information Systems Analysts who was informed he would receive overtime compensation. This office concluded that the employee as a computer systems analyst would fall within the exemption for a professional under the Fair Labor Standards Act, but with reliance upon Knecht, supra, noted that the employee was told when hired he would be paid overtime, a binding contract was formed and he was owed overtime from the date of his employment until the effective date of the new policy that provided all Information Systems Analyst were exempt under FLSA. This office stated that when an employer leads an employee to reasonably expect to receive compensatory time off or payment a binding contract was formed, and the subject employee is owed overtime compensation.
Therefore, following the reasoning of the court and opinions of this office, we would conclude while attorneys in the District Attorney's office would be exempt from overtime compensation under the Fair Labor Standards Act, a contract may be established to provide for such payments. However, we do not find that the District Attorney could make such a commitment that would require payment by the state or the parish governing authority who by statute is obligated for the salaries. However, this office has determined that the Criminal Court Fund could be used for the expenses of the office of the District Attorney, including salaries, finding that there could be very little doubt that supplemental pay for district attorneys and his assistants can be a necessary expense of that office. Atty. Gen. Op. No. 87-244.
Accordingly, we find that overtime compensation for the Assistant District Attorneys may be paid under agreement by the District Attorney with the Assistant District Attorneys despite that there is an exemption under the Fair Labor Standards Act. However, the overtime for the District Attorney himself cannot be considered a bilateral binding agreement when simply included in the General Office Policy. In light of the statutory law establishing the salary of the District Attorney, we cannot conclude that overtime for the District Attorney can be termed a necessary expense of the office by including it in the General Office Policy. Payment of overtime for the District Attorney would require the agreement of the parish governing authority to constitute a bilateral agreement to remove the District Attorney from the exemption that otherwise denies him overtime as a professional under FLSA.
With respect to Section 33 [Reimbursement for legal fees and court costs] of your office policy, as written, the policy is a contract between the District Attorney's office and the employee. Said contract provides greater coverage than the state presently provides to its employees under R.S. 13:5108.1 et seq. As you are aware, the District Attorney's office is not covered under R.S. 13:5108.1 et seq.; R.S. 42:1441
et seq. provides requirements for insurance coverage for certain public officers, including the district attorney.
While it is our opinion that the District Attorney's office may choose to provide greater or different coverage to its employees, it is also our opinion that Article 7, Section 14 of the 1974 Louisiana Constitution may not be violated in doing so. In this regard, the District Attorney would be prohibited from providing coverage to his employees for any non-job related activity or liability. Thus, the present policy should be amended to clarify that coverage is only extended to the employee while he is engaged in the performance of the duties of his office or employment. See for example, R.S. 13:5108.1, as amended by Louisiana Acts 2000, First Extraordinary Session, No. 65, enclosed herein for your information and review.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General